IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MALLARD IP LLC,<br><br>   Plaintiff,<br><br> v.<br><br>SIMPLY NUC INC.,<br><br>   Defendant. | CIVIL ACTION<br><br>NO. 6:21-cv-01376<br><br>**Jury Trial Demanded** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mallard IP LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## **THE PARTIES**

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 3333 Preston Rd, Ste. 300 – 1064, Frisco, TX 75034.

2. Defendant Simply NUC Inc. ("Defendant") is a corporation organized under the laws of the State of Delaware with a principal place of business at 495 Round Rock West Dr, Round Rock, TX 78681-5012. Defendant may be served with process through its registered agent, Aaron Roswell at 475 Round Rock West Drive, Round Rock, TX 78681. Upon information and belief, Defendant makes, uses, offers to sell, sells, and/or imports products and services throughout the United States, including in this judicial district.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has specific personal jurisdiction over Defendant, consistent with due process. Defendant has a regular place of business in this State. Further, Defendant has minimum contacts with this State, and Defendant has purposefully availed itself of the privileges of conducting business in this State, including, on information and belief, through the manufacture, use, sale and/or offer for sale of the accused products and/or services throughout this State and this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendant has a regular and established place of business in this judicial district and, on information and belief, has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 6,603,330**

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,603,330, entitled "Configuring Digital Functions in a Digital Configurable Macro Architecture" ("the '330 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

7. A true and correct copy of the '330 patent is attached hereto as Exhibit A. The '330 patent is incorporated herein by reference.

8. The application that became the '330 patent was filed on July 18, 2001.

9. The '330 patent issued on August 5, 2003, after a full and fair examination by the USPTO.

10. The '330 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '330 patent were not well-understood, routine, or conventional when the application that became the '330 patent was filed.

12. The claims of the '330 patent, including claim 25, are directed to technical solutions to technical problems involved in configuring programmable digital circuit blocks.

## COUNT I – INFRINGEMENT OF THE '330 PATENT

13. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

14. Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporated one or more of the inventions claimed in the '330 patent.

15. For example, Defendant has infringed at least claim 25 of the '330 patent, either literally or under the doctrine of equivalents, in connection with, by way of non-limiting example, Defendant's NUC 11 Extreme Beast Canyon, as detailed in the preliminary claim chart attached hereto as Exhibit B and incorporated herein by reference.

16. Defendant's infringing activities have been without authority or license under the '330 patent.

17. Plaintiff has been damaged by Defendant's infringement of the '330 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '330 patent,

B. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

C. Pre-judgment and post-judgment interest on the damages assessed, and

D. That the Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

E. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 29th day of December, 2021.

/s/ *Cortney S. Alexander*
Cortney S. Alexander
GA Bar No. 142690
  cortneyalexander@kentrisley.com
  Tel: (404) 855-3867
  Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff