UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MALLARD IP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLY NUC, INC.,<br><br>Defendant. | § § § § § § § § § § § § § § | Civil Action No. 6:21-cv-01376<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT SIMPLY NUC, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND AFFIRMATIVE DEFENSES

Defendant Simply NUC, Inc., Defendant, ("Simply NUC") by and through its counsel of record submits its answer and affirmative defenses to Plaintiff Mallard IP, LLC's Complaint for Patent Infringement of U.S. Patent No. 6,603,330 ("the '330 Patent") as follows:

### **PARTIES**

1. Lack information and therefore deny.

2. Simply NUC admits only that Simply NUC is a corporation existing under the laws of the State of Delaware. Otherwise deny.

3. Deny.

4. Deny.

5. Deny.

6. Simply NUC admits that on its face, the title page of '330 Patent states it is entitled "Configuring Digital Functions in a Digital Configurable Macro Architecture." To the extent not expressly admitted, Simply NUC denies the allegation of Paragraph 6 of the Complaint.

7. Simply NUC admits that that Exhibit A appears to be a copy of U.S. Patent 8,862,330 ("the '330 Patent").

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Incorporate denials.

14. Deny.

15. Deny.

16. Deny.

17. Deny.

## RESPONSE TO MALLARD IP, LLC'S PRAYER FOR RELIEF

Responding to Mallard IP, LLC's prayer for relief paragraphs a. through e., Simply NUC denies that Mallard IP, LLC is entitled to any relief, specifically denies all the allegations and requests for relief contained the prayer for relief.

## DEFENSES

Without admitting that it bears the burden of proof as to any of them, Simply NUC asserts the following defenses:

### DEFENSE NO. 1

(Failure to State a Claim)

1. The Complaint, and each cause of action therein, fails to state any claims against Simply NUC upon which relief can be granted. To survive dismissal, a plaintiff must provide facts sufficient to create a plausible inference that each element of the claim is infringed by the accused products. Here, plaintiff has failed to to address certain limitations, which is appropriate ground for dismissal.

### DEFENSE NO. 2

(Improper Venue)

2. Venue in this District is improper. The case should be dismissed or transferred.

### DEFENSE NO. 3

(Non-Infringement)

3. Simply NUC has not directly or indirectly infringed or contributed to or induced the infringement of any valid and enforceable claim of U.S. Patent No. 8,862,330 ("the '330 patent"), and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### DEFENSE NO. 4

(Invalidity)

4.	Some or all of the claims of the '330 patent may be invalid for failing to satisfy one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## DEFENSE NO. 5

(Prosecution History Estoppel)

5.	Simply NUC has not and is not infringing some or all of the claims of the '330 patent at least due to statements, representations, admissions, elections, positions, concessions and filings made to the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the '330 patent that, in part or collectively, constitute prosecution history estoppel barring Mallard IP, LLC from asserting that the claims of the patents encompass or are infringed by any product or activities of Simply NUC.

## DEFENSE NO. 6

(Damages Barred by Lack of Notice)

6.	Mallard IP, LLC's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

## DEFENSE NO. 7

(No Costs)

7.	Mallard IP, LLC is barred by 35 U.S.C. § 288 from receiving any costs associated withthis suit.

## DEFENSE NO. 8

(No Injunctive Relief)

8.  Mallard IP, LLC is not entitled to any injunctive relief because any alleged injury to Mallard IP, LLC is not immediate or irreparable and Mallard IP, LLC has an adequate remedy at law for any alleged injury.

## DEFENSE NO. 9

(No Enhanced Damages)

9.  Mallard IP, LLC is not entitled to any enhanced damages under 35 U.S.C. § 284.

## DEFENSE NO. 10

(No Attorney Fees or Costs)

10. Mallard IP, LLC is not entitled to any attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEFENSE NO. 11

(No Willful Infringement)

11. Simply NUC has not willfully infringed the '330 Patent.

## DEFENSE NO. 12

(Laches)

12. Mallard IP, LLC's claims are barred, in whole in part, by the doctrine of laches.

## DEFENSE NO. 13

(Unenforceability)

13. Some or all claims of the '330 patent are unenforceable.

## DEFENSE NO. 14

(Failure to Conduct Diligent Pre-Suit Investigation)

14. Mallard IP, LLC's failure to conduct a diligent pre-suit investigation warrants dismissal with prejudice and an award of attorneys' fees. Mallard IP, LLC filed suit against Simply NUC without fully reviewing Simply NUC's available documentation, which would have apprised it of the absence of infringement. Had Mallard IP, LLC done so, Simply NUC would not have been burdened with the costs of an investigation and defense. Mallard IP, LLC's failure to be diligent before it filed suit warrants an award of attorneys' fees to Simply NUC for the legal costs it has had to bear in investigating the allegations set forth in the Complaint.

## DEFENSE NO. 15

(Licensed)

15. The accused products, including relevant components, were supplied by a licensed supplier. Based both on an express license, and the doctrine of patent exhaustion under the Supreme Court's decision in *Quanta,* Simply NUC has been and is licensed to use the asserted patent.

## DEFENSE NO. 16

(Reservation of Rights)

16. Simply NUC reserves the right to add any additional defenses that discovery may reveal.

WHEREFORE, Simply NUC respectfully requests that the Court:

    A. Enter judgment in Simply NUC's favor.

    B. Award Simply NUC its reasonable costs and fees, including exceptional case fees pursuant to 35 U.S.C. § 285.

    C. Grant Simply NUC such other and further relief as the Court deems just and proper.

## JURY DEMAND

Simply NUC respectfully requests a trial by jury on all issues triable by a jury.

    DATED this 22nd Day of February 2022.

**KUNZLER BEAN & ADAMSON, PC**

*/s/ Chad S. Pehrson*
Chad S. Pehrson (12622)
R. Jeremy Adamson (9973)
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, 10th Floor
Salt Lake City, UT 84101
Telephone: (801) 994-4646
Fax: (801) 758-7436
cpehrson@kba.law
jadamson@kba.law

*Attorneys for Defendant Simply NUC, INC.*